**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**WILLIE NIX,**
      **Petitioner,**

**v.**                             **Case No.   4:05cv244/MP/MD**

**JAMES R. MCDONOUGH,[1]**
      **Respondent.**

---

**ORDER and
REPORT AND RECOMMENDATION**

      Before the court is a petition for writ of habeas corpus filed pursuant to Title 28 U.S.C. § 2254 (doc. 1) in response to which respondent had filed an answer (doc. 19). Petitioner was given the opportunity to reply (doc. 22) but has failed to do so. The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration of all issues raised by petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that petitioner is not entitled to relief, and that the petition is without merit and should be denied.

---

[1] James R. McDonough succeeded James Crosby as Secretary of the Florida Department of Corrections and is automatically substituted as respondent. *See* Fed. R. Civ. P. 25(d)(1).

## BACKGROUND AND PROCEDURAL HISTORY[2]

On November 11, 1998 William Blair returned home after spending the night with his girlfriend to discover that his home had been burglarized. The back door had been kicked in and the home ransacked (doc. 19, ex. B, p. 16-17).[3] Missing were small amounts of currency, a class ring, a flashlight, and a handgun. The class ring was from Mr. Blair's high school in south Florida, and had his initials inscribed on the inside. There had been other burglaries in the vicinity of Mr. Blair's home, and law enforcement suspected that petitioner was involved. The police went to the residence of Rosemary Nelson, with whom petitioner lived. Petitioner was not home, and Ms. Nelson gave permission for the police to search her house. The search revealed several items that had been reported as missing, including Mr. Blair's class ring and flashlight.

Petitioner was interviewed by the police, and after having been given his *Miranda*[4] warnings he admitted that the various items seized from Ms. Nelson's home had been obtained during burglaries. When asked about Mr. Blair's handgun, petitioner told the police that he had gotten rid of it. The gun was never recovered. During the interview with the police petitioner voluntarily gave details of several burglaries (ex. B, pp 47-48).

Petitioner was charged in the Circuit Court of Leon County, Florida, and the case was tried to a jury. The state presented Mr. Blair as its first witnesses, and after cross-examination the court interjected:

THE COURT: You want to describe your gun to the jury.

THE WITNESS: It was a Smith and Wesson .356 (sic) magnum.

---

[2]The facts stated herein are those presented at trial and viewed in the light most favorable to the prosecution. Where there are conflicting inferences and disputes exist, this court must presume that the jury resolved such conflicts in favor of the prosecution, and must defer to that resolution. Martin v. State of Alabama, 730 F.2d 721,724 (11th Cir. 1984). Although this court is not called on to address directly the sufficiency of the evidence, the evidence presented to the jury plays a major part in the court's analysis.

[3]Hereafter all references to exhibits will be to doc. 19 unless otherwise noted.

[4]*Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

THE COURT:  Capable of being shot?

THE WITNESS:  Yes. It was loaded.

(ex. B, p. 22).  Rosemary Nelson testified that she gave the police permission to search her home, that only she and petitioner had access to the home, and that none of the stolen items found were hers.  Two police officers testified about the search of the home and about petitioner's confession.  Petitioner did not testify.  The jury found him guilty on all counts charged: (1) burglary of a dwelling while armed, (2) grand theft of a firearm, and (3) theft (ex. B, p. 112).  As to count one he was sentenced to life imprisonment as a prison releasee reoffender pursuant to Fla. Stat. § 775.082(8)(b) (ex. A, pp. 40-41).

Petitioner's appeal of his conviction and sentence was unsuccessful.  He then filed a timely motion for post-conviction relief pursuant to Fla.R.Crim.P. 3.850 which was denied without a hearing (ex. F).  The denial order was affirmed on appeal without written opinion (ex. G).  He now brings this federal habeas petition.  Respondent concedes that this petition is timely, and further concedes that each of the four grounds raised here were exhausted by being fairly presented to the state courts.

## STANDARD OF REVIEW

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States.  As the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for habeas review of state court decisions under § 2254 as brought about by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Pub.L. 104-132, § 104, 110 Stat. 1214, 1218-19. In relevant part, section 2254(d) now provides:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted

with respect to any claim that was adjudicated on the merits in State
court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved
> an unreasonable application of, clearly established
> Federal law, as determined by the Supreme Court of the
> United States; or
> (2) resulted in a decision that was based on an
> unreasonable determination of the facts in light of the
> evidence presented in the State court proceeding.

28 U.S.C.A. § 2254 (2002).

The United States Supreme Court explained the framework for § 2254 review
in *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).  The
appropriate test was described by Justice O'Connor as follows:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal
> habeas court to grant a state prisoner's application for a writ of habeas
> corpus with respect to claims adjudicated on the merits in state court.
> Under § 2254(d)(1), the writ may issue only if one of the following two
> conditions is satisfied - the state court adjudication resulted in a
> decision that (1) "was contrary to . . . clearly established Federal law,
> as determined by the Supreme Court of the United States," or (2)
> "involved an unreasonable application of . . . clearly established
> Federal law, as determined by the Supreme Court of the United States."
> Under the "contrary to" clause, a federal habeas court may grant the
> writ if the state court arrives at a conclusion opposite to that reached
> by this court on a question of law or if the state court decides a case
> differently than this Court has on a set of materially indistinguishable
> facts.  Under the "unreasonable application" clause, a federal habeas
> court may grant the writ if the state court identifies the correct
> governing legal principle from this Court's decisions but unreasonably
> applies that principle to the facts of the prisoner's case.

120 S.Ct. at 1523 (O'Connor, J., concurring).  Under the test just described a habeas
court does not examine the State court's ruling to see if it is correct, but examines
it only to see if it is reasonable.  More recently, in *Lockyer v. Andrade*, 538 U.S. 63,
123 S.Ct. 1166, 155 L.Ed.2d 144 (2003), the Supreme Court instructed that, on any
issue raised in a federal habeas petition upon which there has been an adjudication
on the merits in a formal State court proceeding, the federal court should first
ascertain the "clearly established Federal law," namely, "the governing legal

principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." *Id.*, 123 S.Ct. 1172.   The law is "clearly established" if Supreme Court precedent at the time "would have compelled a particular result in the case." *Neelley v. Nagle*, 138 F.3d 917, 923 (11th Cir. 1998).

Next, the court must determine whether the State court adjudication is contrary to the clearly established Supreme Court case law, either because "'the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or because 'the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] [Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'" *Lockyer,* 123 S.Ct. at 1173 (quoting *Williams v. Taylor*, 529 U.S. at 405-06, 120 S.Ct. at 1519-20).  The Supreme Court has clarified that "[a]voiding these pitfalls does not require citation to our cases--indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."  *Early v. Packer*, 537 U.S. 3, 8, 123 S.Ct. 362, 365, 154 L.Ed.2d 263 (2002) (quoting *Williams*, 529 U.S. at 405-06).  If the State court decision is found in either respect to be contrary, the district court must independently consider the merits of the petitioner's claim.

If on the other hand, the State court applied the correct Supreme Court precedent and the facts of the Supreme Court cases and the petitioner's case are not materially indistinguishable, the court must go to the third step and determine whether the State court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases.  The standard for an unreasonable application inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams,* 529 U.S. at 409, 120 S.Ct. at 1521. Whether a State court's decision was an unreasonable application of legal principle must be assessed in light of the record the court had before it.  *Holland v. Jackson*, 542 U.S. 649, 652, 124 S.Ct. 2736, 2737-38, 159 L.Ed.2d 683 (2004) (per curiam); *cf. Bell v. Cone*, 535 U.S. 685, 697, n. 4, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002) (declining to

consider evidence not presented to state court in determining whether its decision was contrary to federal law).  An objectively unreasonable application of federal law occurs when the State court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001); *see also Carr v. Schofield*, 364 F.3d 1246, 1250 (11th Cir. 2004) (A state court decision involves an unreasonable application of clearly established Federal law if the State court decision "identifies the correct governing Supreme Court legal principle . . . but . . . 'refuses to extend the governing principle to a context in which the principle should have controlled.'" (quoting *Ramdass v. Angelone*, 530 U.S. 156, 166, 120 S.Ct. 2113, 2120, 147 L.Ed.2d 125 (2000))).

Section 2254(d)(1) requires more than mere error, and more even than clear error on the part of the State court before federal habeas relief may be issued. *E.g., Mitchell v. Esparza*, 540 U.S. 12, 124 S.Ct. 7, 12, 157 L.Ed.2d 263 (2003) ("We may not grant respondent's habeas petition, however, if the state court simply erred. . . ."); *Lockyer, supra*, 538 U.S. at 75, 123 S.Ct. at 1175 ("The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness."); *Early v. Packer*, 537 U.S. at 11, 123 S.Ct. at 366 (State court "decisions which are not 'contrary to' clearly established Supreme Court law can be subjected to habeas relief only if they are not merely erroneous, but 'an unreasonable application' of clearly established federal law. . . ."); *Williams, supra*, 529 U.S. at 410-12, 120 S.Ct. at 1522-23 (The State court's incorrect or erroneous application of clearly established law will be held to be reasonable and not warrant a writ so long as the State court adjudication results in a "satisfactory conclusion.").

Only if the federal habeas court finds the State court decision to be contrary to, or an unreasonable application of, clearly established Supreme Court law does it take the final step of conducting an independent review of the merits of the petitioner's claims.  *Neelley*, 138 F.3d 917.  Even so, the writ still will not issue

unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States."  28 U.S.C. § 2254(a).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in State court where that adjudication  "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).  The Supreme Court has clarified that:  "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029, 1041, 154 L.Ed.2d 931 (2003) (dictum).

When performing its review under § 2254(d), the federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); *see also Crawford v. Head*, 311 F.3d 1288 (11th Cir. 2002) (explaining that the new statute provides for a "highly deferential standard of review" for factual determinations made by a state court).

## PETITIONER'S GROUNDS FOR RELIEF

<u>Clearly Established Federal Law.</u>

All four of the grounds upon which petitioner relies for relief are based on claimed ineffective assistance of counsel.  In order to prevail upon a claim of ineffective assistance of counsel, the petitioner must prove that:  (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for  counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

"The purpose of ineffectiveness review is not to grade counsel's performance." *Chandler*, 218 F.3d 1305, 1313 (11th Cir. 2000) (citing *Strickland*). In evaluating counsel's performance, reviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable, professional assistance. *Chandler* at 1314. "Therefore, the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir.), *cert. denied*, 513 U.S. 899, 115 S.Ct. 255, 130 L.Ed.2d 175 (1994). In evaluating the reasonableness of counsel's actions, a court must make "every effort . . . to eliminate the distorting effects of hindsight" and must evaluate the reasonableness of counsel's performance "from counsel's perspective at the time." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. As the Eleventh Circuit has emphasized:

> We must avoid second-guessing counsel's performance: "[I]t does not follow that any counsel who takes an approach we would not have chosen is guilty of rendering ineffective assistance." *Waters* [*v. Thomas*, 46 F.3d 1506], 1522 (en banc). Nor does the fact that a particular defense ultimately proved to be unsuccessful demonstrate ineffectiveness.

*Chandler* at 1314 (footnote omitted). Moreover, an ambiguous or silent record is not sufficient to disprove the strong and continuing presumption of effective representation. Where the record is incomplete or unclear about counsel's actions, it will be presumed that he did what he should have done, and that he exercised reasonable professional judgment. *Chandler* at 1314 n.15.

In order to meet the prejudice prong of the *Strickland* standard, petitioner must allege more than simply that the unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." 466 U.S. at 693, 104 S.Ct. at 2067. Instead, the petitioner must show a reasonable probability exists that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, at 694, 104 S.Ct. at 2068. Without support in the record, bare allegations that the petitioner was prejudiced by counsel's performance are not sufficient. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir.), *cert. denied*, 484 U.S.

863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987).  In applying *Strickland* the court may dispose of an ineffective assistance claim if petitioner fails to carry his burden on either of the two prongs.  *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069.

Finally, when a district court considers a habeas petition, the state court's findings of historical facts in the course of evaluating an ineffectiveness claim are subject to the presumption of correctness, while the performance and prejudice components are mixed questions of law and fact.  *Strickland*, 466 U.S. at 698, 104 S.Ct. at 2070; *Collier v. Turpin*, 177 F.3d 1184, 1197 (11th Cir. 1999).

Federal Review of State Court Decision

1.  Ineffective assistance of counsel - failure to move for mistrial.

Petitioner first contends that his counsel's performance fell below an objective standard of reasonableness which had a direct effect on the outcome of the case when counsel failed to move for a mistrial based on the court's questions to Mr. Blair concerning his firearm.  He argues that the state did not have sufficient evidence to support the charge of armed burglary until the court asked Mr. Blair to describe his firearm, and that by asking the questions he did, the judge proved an element of the crime that the state had not otherwise proven.  Thus, without the judge's questions petitioner would not have been found guilty of burglary *while armed*.

The Rule 3.850 court rejected petitioner's argument in its order denying the motion for post-conviction relief.  It held that a detective testified (subsequent to the court's questions) that petitioner confessed that he had gotten rid of the gun subsequent to the burglary.  The court also held that under Florida law, an unloaded gun is considered a dangerous weapon sufficient to support the charge, citing *Hardee v. State*, 534 So.2d 706 (Fla. 1988) (holding that "[a] person having possession of a gun during a burglary [and charged under Fla. Stat. § 810.02(2)(b)] is subject to a minimum mandatory sentence under section 775.087 regardless of

whether the gun was loaded.").[5]   The Rule 3.850 court concluded that possession of a dangerous weapon within the meaning of the statute was sufficiently proved without the court's questions (ex. F, pp1-2).   Petitioner argues here, as he did in his direct appeal and in his motion for post-conviction relief, that the state was required to prove more than that petitioner had a gun, but that he had a "firearm" and that the firearm was operable, and that there was no such proof.   The state courts did not accept this argument.   First, the statute under which petitioner was charged does not refer to a firearm, but to a "dangerous weapon."   The Florida Supreme Court held that an unloaded gun is a dangerous weapon.   *Hardee, supra.*

Petitioner's argument that the state court unreasonably applied *Strickland* obviously depends upon this court determining counsel's performance was deficient, but first this court would have to conclude that the state court misinterpreted state law.   In *Herring v. Secretary, Dep't of Corrections*, 397 F.3d 1338 (11th Cir. 2005) and *Callahan v. Campbell*, 427 F.3d 897 (11th Cir. 2005), the Eleventh Circuit addressed similar issues.   In *Herring*, the petitioner argued his counsel was ineffective for failing to make an objection, based on state law, to the introduction of non-statutory aggravating evidence at the penalty phase of his trial.   *Id.* at 1354-55. The Florida Supreme Court concluded that the proposed objection would have been overruled and therefore counsel was not deficient.   *Id.*   The Eleventh Circuit held: "The Florida Supreme Court already has told us how the issues would have been resolved under Florida state law had [petitioner's counsel] done what [petitioner] argues he should have done. . . .   It is a 'fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters.'" *Id.* (quoting *Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997)).

Similarly, in *Callahan*, the petitioner contended his counsel was ineffective for failing to argue that, based on the Alabama state courts' interpretation of the Double

_____

[5]The statute under which petitioner was charged, Fla. Stat. § 810.02(2)(b) makes burglary a life felony if the offender "[i]s or becomes armed within the dwelling, with explosives or a dangerous weapon. . . ."

Jeopardy Clause in three state court cases (*Hull v. State*, 607 So.2d 369 (Ala. Crim. App. 1992), *Ex parte Hergott*, 588 So.2d 911 (Ala. 1991), and *Ex parte Callahan*, 471 So.2d 463 (Ala. 1985) (*Callahan I*)), the introduction of petitioner's statements at his second trial was precluded.  The Alabama Court of Criminal Appeals concluded that the petitioner's claim relied on an erroneous interpretation of state law and rejected it.  The Eleventh Circuit held:

> [T]he Alabama Court of Criminal Appeals has already answered the question of what would have happened had [petitioner's counsel] objected to the introduction of [petitioner's] statements based on *Callahan I*, *Hull*, and *Hergott* -- the objection would have been overruled. *Callahan* [*v. State*], 767 So.2d [380,] 386-87 [(Ala. Crim. App. 1999)] (*Callahan III*). Therefore, [petitioner's counsel] was not ineffective for failing to make that objection.
>
> Moreover, we are convinced [petitioner] could not satisfy the prejudice prong of *Strickland*. [Petitioner's] ability to demonstrate prejudice is again foreclosed by the state court's decision in *Callahan III*.  Even if [petitioner's counsel] was ineffective for failing to make the objection, the state court has told us that if he did make the objection it would not have been successful. [Petitioner] cannot be prejudiced by his counsel's failure to make a losing objection.

427 F.3d at 932.

Here, as in *Herring* and *Callahan*, the state courts have answered the question of what would have happened had petitioner's counsel objected and moved for a mistrial on the ground that the state had not proven a necessary element of the crime without the court's help -- he would have lost due to binding Florida precedent that proof of possession of an unloaded gun was sufficient.[6]  Therefore, counsel cannot be faulted for having failed to make it.  And since counsel would have failed had he acted as petitioner demands, petitioner cannot show prejudice.

---

[6]Furthermore, Florida law does not forbid questions by judges.  "When required by the interests of justice, the court may interrogate witnesses, whether called by the court or by a party." Fla. Stat. § 90.615(2).  However, a trial judge should not show partiality or comment on the evidence in such a way as to indicate bias. *Watson v. State*, 190 So.2d 161 (Fla. 1966) (holding that the trial judge did not show partiality when he closely cross-examined a defense witness, asked a defendant if "that was his testimony," indicated that the defense would put on their evidence "if they have any," and went into the details of a defendant's confession after the state had failed to do so).

There is another reason that petitioner cannot show prejudice. He argues that the court put its stamp of approval on the state's case, thereby improperly influencing the jury, but if that was error, it was harmless. Petitioner admitted he stole Mr. Blair's gun. Nothing more was required for his conviction. The decision of the trial court in denying petitioner's motion for post-conviction relief was supported by the facts and the law as the courts of Florida have interpreted it, and petitioner is not entitled to federal habeas relief on this ground.

2.   **Ineffective assistance of counsel - failure to object to similar crime evidence.**

Petitioner next contends that his counsel should have objected to *Williams* Rule[7] evidence, or similar crime evidence, elicited from one of the detectives. The detective told the jury that in discussing the charged crime petitioner voluntarily mentioned other burglaries he had committed. Whether the detective's testimony was in keeping with Florida's *Williams* rule is purely a question of state law. The Rule 3.850 court held that the evidence was "inextricably intertwined with the crime charged" (ex. F, p. 3), and was therefore not technically *Williams* rule evidence that required prior notice. The court also held that the evidence was not used extensively by the state to illustrate the petitioner's criminal propensity, but was simply a brief mention of other burglaries admitted to by petitioner during his interview. The state court, construing state law, held that the evidence was admissible in the context presented. This court defers to the state court's determination. Counsel cannot be said to have been ineffective in failing to object to admissible evidence. Thus, petitioner cannot show that counsel's performance was deficient.

Even if the law in Florida was different, petitioner still would not prevail because he cannot show prejudice. Identifiable items of stolen property were found in the home in which he lived; the other occupant of the home denied knowing anything about them; and petitioner confessed to the police. Petitioner's confession

---

[7]*Williams v. State*, 110 So.2d 654 (Fla. 1959), *codified at* Fla. Stat. § 90.402.

to the Blair burglary obviously impacted the jury's decision significantly more than the mere mention of other burglaries.  Thus, there is no reasonable probability that the result of petitioner's trial would have been different had the evidence been excluded.  The state court's decision did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d) (1); *Williams, supra*.  Petitioner is not entitled to federal habeas relief, and the writ should not issue.

    3.  <u>Ineffective assistance of counsel - failure to object to improper jury instruction.</u>

    Next petitioner contends that counsel should have objected to a jury instruction that said, in part, that "proof of an unexplained possession by an accused of property recently stolen by means of burglary may justify conviction of burglary . . . ."  (Ex. B, p. 98).  Petitioner argues that this instruction was contrary to Florida law, but the Rule 3.850 court disagreed.  It noted that there was nothing "radical" about the idea that a person in possession of recently stolen property, without an explanation as to how they obtained it, probably stole it, and that besides, petitioner confessed to having stolen the property (ex. F, pp. 4-5).  Moreover, the Supreme Court of Florida recently held that this instruction is not an impermissible comment on the evidence.  *Walker v. State*, 896 So.2d 712 (Fla. 2005).[8]

    Again, the state courts have already answered the question of how the issue would have been resolved under Florida state law had petitioner's counsel objected to the jury instruction -- the objection would have been overruled.  Therefore, petitioner's trial counsel was not ineffective for failing to object, *see Herring v. Secretary, Dep't of Corrections, supra*; *Callahan v. Campbell, supra*.  Moreover, since petitioner confessed, he cannot show prejudice.  The state court's denial of relief did not result "in a decision that was contrary to, or involved an unreasonable

---

[8]The United States Supreme Court has also held that it is not a violation of due process to instruct a jury about common-law inferences concerning possession of recently stolen property. *Barnes v. United States*, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973).

application of, clearly established Federal law," 28 U.S.C. § 2254(d) (1); *Williams, supra*.

### 4. Ineffective assistance of counsel - failure to move to dismiss the information.

Finally, petitioner contends that counsel should have moved to dismiss the information. He says that the information did not comport with the Florida requirement that it be "based upon sworn testimony of a material witness." (Doc. 1, p. 5-H). He draws this from the Florida Constitution, which says that prosecution for a felony must be by "an information under oath filed by the prosecuting officer" Art. 1 § 15(a). He also points to Fla.R.Crim.P. 3.140(g), which requires the state attorney to attest that he or she "received testimony under oath from the material witness or witnesses for the offense[,]" and Fla. Stat. § 923.03(2), which requires the state attorney to attest that the information is "based upon facts that have been sworn to be true. . . ." The information in this case was sworn to by the prosecuting attorney in the form prescribed by the statute (ex. A, p. 9).

Petitioner says that the sworn affidavit of a police officer was not enough to support the prosecutor's oath because the officer who swore out the complaint was not a "material witness." Petitioner provides no authority for this proposition. The Rule 3.850 court rejected this claim because there was a sworn police report by Officer Hertz, whom the court ruled was in fact a "material witness" to the stolen property found in petitioner's residence. As above, this is a question of state law, and the state courts have found petitioner's argument to be without merit. In order to conclude that the state court unreasonably applied *Strickland*, this court would first have to conclude the state court misinterpreted state law. Here, as in *Herring* and *Callahan*, the state court has advised how the issue would have been resolved under Florida state law had petitioner's counsel moved to dismiss the information on the grounds proposed by petitioner -- the motion would have been denied. This court will not second-guess the state court on its resolution of the state-law issue. Petitioner's counsel was not deficient for failing to submit a meritless motion. The

state court did not "unreasonably appl[y] the relevant Supreme Court authority," *Williams, supra*, and the writ should not issue.


## CONCLUSION

Each claim brought here was addressed by the state court under the *Strickland* standard, and petitioner has failed to show that "the state court's application of clearly established federal law was objectively unreasonable." *Williams,* 529 U.S. at 409, 120 S.Ct. at 1521.

Accordingly, it is ORDERED that the clerk shall change the docket to reflect that James R. McDonough has been substituted as the respondent in this cause.

And it is respectfully RECOMMENDED that the petition for writ of habeas corpus, (doc. 1) challenging the conviction and sentence in the case of *State of Florida v. Willie Nix*, in the Circuit Court of Leon County, Florida, case no. 98-4790, be DENIED, and that this cause be DISMISSED and the clerk be directed to close the file.

At Pensacola, Florida this 12th day of May, 2006.


/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988)